UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CATERPILLAR INC.,

    Plaintiff,

v.

R & R STEEL CONSTRUCTION
COMPANY INC.,

    Defendant/Third Party Plaintiff,

v.

R. T. ELECTRIC SERVICE, LLC,

    Third Party Defendant.
                                            /

File No. 2:10-cv-21

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Caterpillar, Inc. ("Caterpillar") and Defendant R&R Steel Construction, Inc. ("R&R") (Dkt. Nos. 42, 50) and on R&R's alternative motion for partial summary judgment on the issue of apportionment (Dkt. No. 46.) For the reasons that follow, all three motions will be denied.

I.

The following facts appear to be undisputed. Caterpillar entered into a design/build contract with R&R to construct a building addition to the existing facility of Anchor Coupling, a subsidiary of Caterpillar, located in Menominee, Michigan. R&R hired R.T.

Electric ("R.T.") to perform the electrical work required under the Caterpillar/R&R contract. Paul Dalluge was an employee of R.T.

On July 2, 2008, sometime between 7:00-7:30 a.m., Paul Dalluge utilized a scissor lift to raise him to the ceiling of the newly constructed building addition so that he could examine a speaker bolted to a steel beam. The speaker had already been installed, but there were some concerns regarding its quality of performance. While Dalluge was in the extended scissor lift, an Anchor employee operating an overhead crane drove the crane into the scissor lift, causing Dalluge to fall. Dalluge died some days later of his injuries.

In the aftermath of the accident, Dalluge's estate filed a wrongful death lawsuit against Anchor, Caterpillar's wholly owned subsidiary. Caterpillar demanded that R&R defend Caterpillar from the suit. R&R and its insurer (West Bend) refused. Mediation was conducted, and Caterpillar ultimately settled the Dalluge Suit for one million dollars. Caterpillar filed the present suit to for indemnification of the settlement amount and all attorney's fees and costs incurred from the Dalluge lawsuit.

II.

Summary judgment is proper when the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Both claimants and parties defending against a claim may move for summary judgment, with or without supporting affidavits. Fed. R. Civ. P. 56(a), (b); *Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009).

This rule mandates that summary judgment be granted, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In making its determination, the Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 4889 F.3d 397, 403 (6th Cir. 2007)).

III.

Caterpillar's claim rests on an indemnification provision contained in its contract with R&R. The indemnification section states in relevant part:

> **30.01** Design/Builder, on behalf of itself and its agents, shall indemnify, defend and hold harmless Owner, its affiliates and subsidiaries . . . from and against all liability, loss, damages, costs, actions, expenses (including reasonable attorney's fees and costs of defense), claims and demands, including, but not limited to, costs, litigation expenses, counsel fees and liabilities incurred in connection therewith, arising out of or connected with Design/Builder, its employees, agents or assigns: (i) negligent acts or omissions: (ii) willful misconduct; (iii) breach of the Contract, including but not limited to any failure to comply with environmental laws or other applicable law, codes or ordinances, or (iv) any other fault in the performance of any services to be performed hereunder.
>
> **30.02** Without limiting the generality of the foregoing, the indemnity herein above set forth shall include all liabilities, damages, losses, claims, demand and actions on account of personal injury, death or property loss to Owner, its affiliates and subsidiaries . . . or to any other person, to the extent based upon or claimed to be based upon, statute, contract or tort of Design/Builder. . . . Notwithstanding anything contained herein, the provisions of this Indemnification Article shall not be construed to indemnify Owner, its affiliates or subsidiaries . . . for any loss or

>   damage attributable to the sole negligence of Owner, its affiliates or subsidiaries . . . .

(Dkt. No. 58 at 3-4.) Caterpillar argues that § 30.01 entitles it to indemnification for the Dalluge litigation because Dalluge was negligent and/or violated contractual terms by not following certain safety procedures. R&R counters that Caterpillar cannot collect under the indemnification clause because the underlying Dalluge lawsuit alleged negligence solely against Anchor, and because Dalluge was not working under the R&R contract at the time of the accident. Both parties have moved for summary judgment.

First, R&R's argument that the underlying lawsuit by Dalluge's estate precludes indemnification is a misapplication of insurance principles to the present litigation. Plaintiff's suit is for breach of contract; thus, the terms of the contract govern, and whether or not the underlying lawsuit alleged claims against R&R or otherwise triggered an obligation to defend Caterpillar under insurance principles is immaterial. The question at hand is whether the contract between Caterpillar and R&R is applicable to the circumstances of the accident, and if so, whether the contract and circumstances entitle Plaintiff to indemnification.

Upon careful review, the Court finds that there are genuine issues of material fact precluding summary judgment in favor of either party. First, there remain a number of factual disputes which might impact whether or not the contract between Caterpillar and R&R covers the accident. R&R maintains that the contract was substantially completed and no longer in effect at the time of the accident, and that the work being performed by Dalluge

was in any case not contemplated by the agreement. Additionally, R&R argues that Dalluge was acting directly at the behest of Caterpillar/Anchor, and that Dalluge's employer R.T. was by this time performing work as a subcontractor for Plutchak Fabricating, not R&R. R&R denies having any control over R.T. or Dalluge by July 2, 2008. Caterpillar takes a contrary position to all of these allegations.

Also contested are questions of fact pertaining to the alleged negligence or contract violations of Dalluge in connection with the accident. Caterpillar argues that it is "undisputed" that Dalluge was at least partially at fault for failing to provide notice that he was about to go up on a scissor lift and for failing to follow safety procedures to lock down cranes in the area. R&R counters that Caterpillar did indeed have notice that Dalluge was about to use a lift, and that this notice satisfied all safety requirements. These questions of fact are potentially determinative, as the parties agree that Plaintiff may not be indemnified for damages arising from its *sole* negligence. If Dalluge was not at least partially at fault, then full responsibility for the accident would presumably fall upon the Anchor employee operating the crane which toppled him, and Plaintiff would not be entitled to indemnification.

Despite the parties' evocation of the word "undisputed," important issues of material fact remain. Because the Court must grant all reasonable inferences in favor of the nonmoving party, each party fails in its respective motion for summary judgment.

IV.

Although material questions of fact preclude summary judgment on Caterpillar's

5

breach of contract claim, R&R's alternative motion for summary judgment on the issue of apportionment (Dkt. No. 46) raises a question of law which may be readily resolved. Defendant seeks a declaration that — if a jury determines that any portion of the fault for the accident is attributable to agents of R&R under the indemnification clause of the contract — R&R's obligation to indemnify Caterpillar should be apportioned.

Caterpillar argues that the plain language of the contract requires R&R to fully indemnify it for all liability arising out of the contract unless caused by the sole negligence of Caterpillar. Thus, even if a jury found that Caterpillar and R&R (or its agents) each shared 50% fault for the accident, R&R would be obligated to indemnify Caterpillar for 100% of the settlement with Dalluge's estate under the terms of the contract. The court agrees that this is the plain meaning of the indemnification clause, which states that R&R must indemnify Caterpillar for "all liability . . . arising out of or connected with Design/Builder, its employees, agents or assigns . . . ." (Dkt. No. 46, Ex. B § 30.01.) The only qualification states that "[n]otwithstanding anything contained herein, the provisions of this Indemnification Article shall not be construed to indemnify Owner, its affiliates or subsidiaries . . . for any loss or damage attributable to the sole negligence of Owner, its affiliates or subsidiaries." (*Id.* at § 30.02.)

The exclusion of indemnification for circumstances attributable to the "sole negligence" of Caterpillar follows Michigan law:

> A[n] . . . agreement . . . in, or in connection with . . . a contract or
> agreement relative to the construction, alteration, repair or maintenance of

6

> a building . . . purporting to indemnify the promisee against liability for damages arising out of bodily injury . . . caused by or resulting from the sole negligence of the promisee or indemnitee, . . . is against public policy and is void and unenforceable.

M.C.L. § 691.991.  The parties dispute, however, whether "sole negligence" prohibits indemnification for any portion of fault less than 100% attributed to an indemnitee.

R&R encourages the Court to follow the ruling in *Smith v. O'Harrow Construction Co.*, 95 Mich. App. 341 (1980), which held that any portion of liability which is imputed to an indemnitee — even if it is less than 100% of the total liability — is still attributed to that indemnitee's "sole" negligence, and any attempt to indemnify it for that portion of liability should be void under § 691.991.[1]

However, subsequent opinions by the Michigan Court of Appeals and Michigan Supreme Court have declined to follow *Smith*.  These cases focus instead on the causes of the injury as a whole rather than the portion of the damages attributable to a particular indemnitee.  *Paquin v. Harnischfeger Corp.*, 113 Mich. App. 43 (1982); *Fischbach-Natkin Co. v. Power Process Piping, Inc.*, 157 Mich. App. 448 (1987) (citing *Burdo v. Ford Motor Co.*, 588 F. Supp. 1319 (E.D. Mich. 1984), aff'd, 828 F.2d 380 (6th Cir. 1987)).  Under this line of cases, § 691.991 is not violated where an indemnitee seeks indemnification for its own negligence in combination with the negligence of others.

---

[1] R&R raises less developed arguments for apportionment based on M.C.L. §§ 600.2956, 600.2957, and 600.6304. However, these statutes apply specifically to certain torts and have no application to an action for breach of contract.

Although *Smith* has not been expressly overturned, the Michigan Supreme Court has endorsed the more recent line of reasoning taken in *Paquin* and *Fischbach-Natkin*, holding that "[t]he appropriate focus is thus on the injury as a whole, rather than the portion of damages attributable to the indemnitee." *Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 448 Mich. 113, 130 (1995). Because the more recent Michigan Count of Appeals cases and the Michigan Supreme Court have favored the interpretation of § 691.991 espoused by Caterpillar, the Court finds that there is no statutory bar prohibiting Caterpillar from seeking full indemnification under the terms of its contract with R&R. Even if a jury finds that Caterpillar bears some responsibility for the accident, the indemnification provisions allow Caterpillar to collect indemnification for all liability arising under the contract so long as the accident is not solely attributable to Caterpillar's negligence.

V.

The parties' cross motions for summary judgment on Caterpillar's breach of contract claim must be denied in light of remaining issues of material fact. R&R's motion for partial summary judgment concerning apportionment will also be denied in keeping with prevailing Michigan case law. An order consistent with this opinion will be entered.

Dated: February 21, 2012  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE