UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CATERPILLAR INC.,

    Plaintiff,

v.

R & R STEEL CONSTRUCTION
COMPANY, INC.,

    Defendant/Third-Party Plaintiff,

v.

R. T. ELECTRIC SERVICE, LLC,

    Third-Party Defendant.
_____/

File No. 2:10-cv-21

HON. ROBERT HOLMES BELL

## **O P I N I O N**

A jury trial was held in this matter from April 23, 2012, through April 25, 2012. On April 25, 2012, the jury returned a verdict in favor of Plaintiff Caterpillar Inc. (Dkt. No. 144). Judgment was entered against Defendant/Third-Party Plaintiff R&R Steel Construction Company, Inc. ("R&R") and against Third-Party Defendant R. T. Electric Service, LLC ("R.T. Electric") on May 8, 2012 (Dkt. No. 148, 149). This matter is before the Court on Defendant R&R's renewed motion for judgment as a matter of law or a new trial (Dkt. No. 150) and on Third-Party Defendant R. T. Electric's motion for a new trial (Dkt. No. 154). For the reasons that follow, both motions will be denied.

**I.**

Under Federal Rule of Civil Procedure 50(a)(1), a court may grant judgment as a matter of law on a particular issue if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ." If denied, a motion for judgment as a matter of law may be renewed after entry of judgment under Rule 50(b). In cases based on diversity, the court applies the forum state's substantive standard for determining when judgment as a matter of law is appropriate. *Greene v. B.F. Goodrich Avionics Systems, Inc.*, 409 F.3d 784, 788 (6th Cir. 2005) (citing *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir. 1998)).

In Michigan, for a party to be entitled to judgment as a matter of law after an adverse jury verdict, the evidence, when viewed in the light most favorable to the non-moving party, must fail to establish a claim as a matter of law. *Orzel v. Scott Drug Co.*, 449 Mich. 550, 557 (1995); *Shivers v. Shmiege*, 285 Mich. App. 636, 639 (2009). Judgment as a matter of law is appropriate when the evidence shows "there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004).

Under Rule 59(a)(1)(A), after a jury trial a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." This has been interpreted to require a new trial only "when a jury has reached a 'seriously erroneous result' " as evidenced by "(1) the verdict being against the weight of the evidence;

2

(2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996).

## II.

R&R's motion seeks judgment as a matter of law on three grounds: (1) there is no evidence to support a finding that R&R was negligent; (2) R&R has no duty to indemnify Caterpillar under its contract either because the contract had been completed or because Paul Dalluge was working outside of the contract; and (3) any indemnification should be limited to the percentage of fault ascribed to R&R by the jury.

First, R&R argues that there was no evidence at trial of any negligent action or failure to act by R&R. Even assuming this is true with respect to R&R itself, Caterpillar's claim was premised on R&R's contractual obligation to indemnify Caterpillar for the negligence of R&R's agents and assigns as well as its own employees. There was considerable evidence presented at trial that Dalluge and his employer R. T. Electric, a subcontractor of R&R, were negligent with respect to Dalluge's fatal accident. Thus, R&R's argument would not relieve it of its obligation to indemnify under its contract with Caterpillar.

Second, R&R argues that Caterpillar is not entitled to indemnification because the work being performed by Dalluge at the time of his accident was outside of R&R's contract with Caterpillar. Specifically, R&R argues that the site of the accident was a "production" site, and that Dalluge was working on the sound system at Caterpillar's request at the time

3

of the accident. (Dkt. No. 150 at 13.)

R&R's contractual duty to indemnify was not conditioned on whether the facility is labeled a production or construction site. The critical issue is whether the work being performed by Dalluge at the time of his accident was being done pursuant to R&R's contract with Caterpillar and subcontract with R. T. Electric. Despite R&R's protestations, the evidence produced at trial established an affirmative answer. Regardless of whether Anchor Coupling, Inc. had direct contact with Dalluge or employed him in other capacities, plain sense and the testimony presented support a finding that Dalluge's follow-up work on a paging system which was undisputedly part of R&R's construction agreement with Caterpillar remained under the R&R/Caterpillar contract.

Third, R&R revisits its position that R&R's obligation to indemnify should be limited to the percentage of fault ascribed by the jury. The Court considered R&R's statutory challenge to the contract in its February 21, 2012, opinion, and ruled that Michigan law upholds contracts, such as the present one, where a party agrees to indemnify an indemnitee for all liability arising out of the contract so long as the liability is not based solely on the negligence of the indemnitee. (Dkt. No. 82 at 6-8.)

Rather than renewing its statutory challenge, R&R now argues that the language of the contract is ambiguous. Specifically, R&R argues that the words "to the extent," as interpreted in *MSI Construction v. Corbo Iron*, 208 Mich. App 340 (1995), indicate that indemnification should be limited to fault attributable to R&R's negligence. However, the

4

use of the words "to the extent" in *MSI* and the present care are not identical. In *MSI*, the parties contracted for indemnification for losses "to the extent *caused*" by actions or omissions of a contractor or its subcontractors. *Id.* at 342 (emphasis added). Here, the use of the words "to the extent *based upon*" the conduct of R&R and its subcontractors does not give rise to a fault-based limitation. (Dkt. No. 153, Ex. A, § 30.02.) This is clear when interpreted alongside the contractual provision that R&R "defend and hold harmless [Caterpillar] . . . from and against all liability . . . arising out of and connected with [R&R], its employees, agents or assigns." (*Id.* at § 30.01.)

The plain terms of R&R's contract with Caterpillar obligate R&R to indemnify Caterpillar for all liability arising out of work performed under the contract. There was ample evidence presented at trial to support the Court's determination that Dalluge was working pursuant to the R&R/Caterpillar contract at the time of his accident, and to support the Jury's distribution of fault. Accordingly, R&R's motion for judgment as a matter of law or for a new trial will be denied.

**III.**

Also before the Court is Third-Party Defendant R. T. Electric's motion for a new trial (Dkt. No. 154). R. T. Electric's motion takes issue with the Court's response to a written jury request for "clarification of Question No. 6" of the verdict form, which read, "Did R. T. Electric breach the indemnification provision of its contract with R & R?" In response to the jury's question, the Court returned a note reading, "Please find Plaintiff's Exhibit 2 and note

what is highlighted at the bottom of Page 2, 'Hold Harmless:...' " Attached to the note was a copy of Plaintiff's Exhibit 2 — the subcontract between R&R and R. T. Electric — taken from the book of exhibits prepared by the parties in advance of trial. (Dkt. No. 142.) The heading of the contract's indemnification provision was highlighted.

Due to a miscommunication with staff, the Court's response to the inquiry was delivered simultaneously to the jury and to counsel, which did not allow counsel an opportunity to review the response prior to receipt by the jury. As noted by the Court on the record, this was an inadvertent error. After receiving the Court's response, counsel from R. T. Electric noticed that the exhibit provided to the jury did not perfectly match the exhibit published to the jury at trial. Specifically, the words "and certificate of insurance" had been redacted from the exhibit used at trial, but had not been removed from the trial book exhibit relied upon by the Court. To accommodate a request by R. T. Electric, the Court replaced the incompletely redacted exhibit provided to the jury with a completely redacted version.

R. T. Electric now moves for a new trial on two grounds. First, R. T. Electric argues that the Court's highlighting of the "Hold Harmless" provision in its subcontract with R&R inappropriately directed the Jury's attention to one portion of the contract, thereby influencing the Jury's determination of R. T. Electric's obligation to indemnify R&R. Second, R. T. Electric maintains that the Jury's exposure to the words "and certificate of insurance" in the unredacted copy of Exhibit 2 is so prejudicial due to the mention of insurance that a new trial is required to determine fault.

R. T. Electric's arguments are not persuasive. The Court highlighted the heading of the indemnification provision because that provision was the specific contractual term at issue in Question No. 6 of the verdict form. The Court expressed no views whatsoever, but merely indicated the location of the provision which the jury was being asked to apply. R. T. Electric's argument that the Court could just as easily have highlighted different portions of its contract with R&R is senseless; the verdict question before the jury and agreed to by all parties specifically addressed R. T. Electric's breach of the indemnification provision of its contract with R&R, and it is unquestioned that the relevant indemnification provision is contained in the section highlighted by the Court. Under these circumstances, there was no prejudice to any party.

Furthermore, R. T. Electric's sudden preoccupation with the issue of its contractual obligation to indemnify R&R strikes the Court as disingenuous, as the issue was not prominent before or during trial. In virtually all respects, counsel for R. T. Electric and R&R elected to present a unified case against Caterpillar. At no time did R. T. Electric argue that it had no obligation to indemnify R&R in the event that R&R was liable to Caterpillar. The issue of R. T. Electric's obligation to indemnify R&R could have easily been resolved on a pretrial motion or through directed verdict had the issue been a matter of contention between R. T. Electric and R&R. Instead, R. T. Electric now seeks to create an issue where there was

none. The Court's response to the jury's question[1] did not prejudice any party, and there is no reason to disturb the jury's verdict.

As to the issue of the unredacted words "and certificate of insurance," R. T. Electric's motion is not well taken. Although the Court previously granted a motion *in limine* by R&R to exclude evidence of insurance,[2] (Dkt. No. 126), R. T. Electric's extrapolation that the mere presence of the words "and certificate of insurance" in an exhibit provided to the jury is a compelling basis for discarding the jury's verdict stretches the bounds of reason. The words in question were printed on a separate page from the indemnification provision highlighted by the Court (Dkt. No. 142). They were not discussed, alluded to, or in any way emphasized to the jury, and the jury had possession of the unredacted exhibit for only a short time. Even if noticed by the jury, it is implausible that those words alone had an impact on the jury's allocation of fault, which was the subject of extensive evidence and development at trial. Finally, the verdict form directed the jury to determine the parties' allocation of fault *before* considering Question No. 6, and thus before the jury received the unredacted exhibit.[3] The fact that the jury proceeded to consider Question No. 6 indicates that the jury had already reached its decision on the allocation of fault.

---

[1] The Court notes that the jury's request for clarification on Question No. 6 was understandable given the lack of attention given the issue by R. T. Electric and R&R.

[2] R. T. Electric made no such motion.

[3] The verdict form instructed the jury as follows: "If you did not assign any fault to R. T. Electric, do not answer question 6. If you did assign a percentage of fault to R. T. Electric, please answer question 6."

Having reviewed the present motions, the Court finds that there are no adequate grounds for entering a post-verdict judgment as a matter of law or for ordering a new trial. Accordingly, R&R's renewed motion for judgment as a matter of law or a new trial (Dkt. No. 150) and R. T. Electric's motion for a new trial (Dkt. No. 154) will be **DENIED**. An order consistent with this opinion will be entered.

Dated: September 4, 2012                /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE